|  |  |  |
|---|---|---|
| RICHARD D. ESSENDROP,<br>Plaintiff | )<br>)<br>) | **United States District Court**<br>**Northern District of Illinois** |
| v. | )<br>)<br>) | 21-CV-05801 |
| UNITED STATES OF AMERICA,<br>Defendant | )<br>)<br>) |  |

**COMPLAINT UNDER**
**FEDERAL TORT CLAIMS ACT**
**FOR PERSONAL INJURY**

NOW COMES RICHARD D. ESSENDROP before this court, by and through his counsel, JAMES A. ROBIDEAU, and pursuant to the Federal Tort Claims Act, complains of the UNITED STATES OF AMERICA as follows:

**I.**
**JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

1. Plaintiff RICHARD D. ESSENDROP ("ESSENDROP") is an Illinois resident. He lives at 19N155 West Woodview Parkway, Hampshire, Kane County, Illinois, and is a resident of the Northern District of Illinois.

2. The claims herein are brought against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.) and 28 U.S.C. §§1346(b)(1), for money damages as compensation for personal injuries, pain, suffering, expenses and lost income that were caused by the negligent and wrongful acts and omissions of employees/contractors/agents of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Illinois.

3. Venue is proper in that all of the acts and omissions forming the basis of these claims occurred in the Eastern Division, Northern District of Illinois, and arose from the actions against ESSENDROP by the United States Government and its agents.

4. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

5. This suit has been timely filed, in that Plaintiffs timely served notice of their claims on the United States Postal Service. The United States Postal Service assumed responsibility for processing the claim, but the claim was denied on May 25, 2021. (SEE EXHIBIT A)

## II.
## COMPLAINT – PERSONAL INJURY

6. That on December 1, 2012, the Defendant UNITED STATES OF AMERICA, through the agency of the USPS, its employees, contractors and agents, had a duty to operate each and every mail carrier vehicle in a safe manner.

7. That on December 1, 2012, the Defendant UNITED STATES OF AMERICA, through the agency of the USPS, its employees, contractors and agents, breached that duty by operating a mail carrier vehicle in an unsafe and unlawful manner.

8. That on December 1, 2012, defendant UNITED STATES OF AMERICA, by and through its agency, the United States Postal Service ("USPS"), and through its employee, contractor or agent, Alan W. Diehl ("DIEHL"), was delivering mail and acting within the scope of his employment in Hampshire Township, Kane County, Illinois.

9. That on December 1, 2012, at 1:16pm, said USPS employee, contractor or agent, DIEHL, was the sole operator of a 2006 Honda Element, Illinois license plate G239825, such vehicle then operating as a mail carrier vehicle. (SEE EXHIBIT B)

10. That on December 1, 2012, at 1:16pm, the mail carrier vehicle operated by DIEHL was involved in a single vehicle accident with plaintiff ESSENDROP, at that time a pedestrian on West Woodview Parkway in Hampshire Township, Kane County, Illinois. (SEE EXHIBIT B)

11. That on December 1, 2012, at 1:16pm, the mail carrier vehicle operated by DIEHL came into physical contact with and struck ESSENDROP.

12. That the accident involving the mail carrier vehicle operated by DIEHL was recorded and reported by the responding Law Enforcement Officer ("LEO") on ILLINOIS TRAFFIC CRASH REPORT U110326170 ("CRASH REPORT"). (SEE EXHIBIT B)

13. That on December 1, 2012, at 1:16pm, the mail carrier vehicle operated by DIEHL struck ESSENDROP, causing a noise that sounded like a "Thump."

14. That the responding LEO recorded on the CRASH REPORT that DIEHL, "with his foot on the brake preparing mail for the next house ahead . . . heard a 'Thump,' [and] placed the vehicle in park." (SEE EXHIBIT B)

15. That on December 1, 2012, at 1:16pm, the mail carrier vehicle operated by DIEHL struck ESSENDROP, immediately knocking ESSENDROP to the ground.

16. That the responding LEO recorded on the CRASH REPORT that, "At this time a pedestrian was observed laying on the ground behind" the vehicle. (SEE EXHIBIT B)

17. That the responding LEO recorded on the CRASH REPORT that DIEHL stated that prior to placing the gear selector in park, "it [the gear selector] was possibly in reverse." (SEE EXHIBIT B)

18. That the responding LEO recorded on the CRASH REPORT that ESSENDROP stated that "he was jogging southeast across West Woodview Parkway behind [the vehicle] when he was struck from behind by [the vehicle] who was backing up." (SEE EXHIBIT B)

19. That the responding LEO recorded on the CRASH REPORT the Primary Contributory Cause of the accident as code "30," indicating that the primary contributory cause was "IMPROPER BACKING." (SEE EXHIBIT B)

20. That the responding LEO recorded on the CRASH REPORT the Secondary Contributory Cause of the accident as code "41," indicating that the secondary contributory cause was "DISTRACTION – FROM INSIDE VEHICLE." (SEE EXHIBIT B)

21. That on December 1, 2012, the responding LEO issued citation #283588 to DIEHL. (SEE EXHIBIT B)

22. That the citation #283588 issued by the responding LEO on December 1, 2012, to DIEHL charged DIEHL with a violation of Section 11-1402 of the Illinois Vehicle Code (625-5 ILCS *et seq.*). (SEE EXHIBIT B)

23. That on December 1, 2012, the responding LEO set a court date for DIEHL for December 19, 2012 at 12:30pm. (SEE EXHIBIT B)

24. That the matter was captioned as "People of Illinois v. DIEHL, ALAN W." and assigned the Kane County (Illinois) Circuit Court case number 12 TR 069380. (SEE EXHIBIT C)

25. That the charge against DIEHL in Kane County (Illinois) case number 12 TR 069380 was UNSAFE BACKING ON A ROADWAY. (SEE EXHIBIT C)

26. That on December 19, 2012, in Kane County (Illinois) case 12 TR 069380, defendant DIEHL pled GUILTY to the charge of UNSAFE BACKING ON A ROADWAY. (SEE EXHIBIT C)

27. That the unsafe and unlawful operation of the mail carrier vehicle operated by DIEHL on December 1, 2012, as an employee, contractor or agent of the USPS, an agency of the UNITED STATES OF AMERICA, was the proximate and actual cause of the personal injury and damage to plaintiff ESSENDROP.

## III.
## DAMAGES

28. That on December 1, 2012, ESSENDROP suffered injury and was transported by ambulance to a medical facility for treatment.

29. That since December 1, 2012, ESSENDROP has endured significant medical treatment necessitated by his physical injuries, including extreme discomfort, pain and suffering.

30. That since December 1, 2012, ESSENDROP has suffered personal injury and damages, including extreme discomfort, pain and suffering, medical expenses, future medical expenses, and permanent physical damage.

31. That on November 21, 2016, SOCIAL SECURITY ADMINISTRATION Office of Disability Adjudication and Review Administrative Law Judge Kimberly S. Cromer ("SSA ALJ") issued a decision with the Findings of Fact and Conclusions of Law that ESSENDROP has "severe impairments" and "has not engaged in any gainful activity since December 1, 2012." (See Exhibit D)

32. That on November 21, 2016, the SSA ALJ issued a decision with the Findings of Fact and Conclusions of Law that ESSENDROP "is unable to perform any past relevant work." (See Exhibit D)

33. That on November 21, 2016, the SSA ALJ issued a decision with the Findings of Fact and Conclusions of Law that ESSENDROP "was an individual closely approaching advanced age." (See Exhibit D)

34. That on November 21, 2016, the SSA ALJ issued a decision with the Findings of Fact and Conclusions of Law that ESSENDROP'S "acquired skills do not transfer to other occupations within the residual functional capacity." (See Exhibit D)

35. That on November 21, 2016, the SSA ALJ issued a decision with the Findings of Fact and Conclusions of Law that, "Considering [ESSENDROP'S] age, education, work experience, and residual function capacity, there are no jobs that exist in significant numbers in the national economy that [ESSENDROP] can perform." (See Exhibit D)

36. That on November 21, 2016, the SSA ALJ issued a decision with the Findings of Fact and Conclusions of Law that ESSENDROP "has been under a disability since December 1, 2012." (See Exhibit D)

37. That on November 21, 2016, the SSA ALJ issued a decision with the Findings of Fact and Conclusions of Law that ESSENDROP "has been disabled under sections 216(i) and 223(d) of the Social Security Act since December 1, 2012." (See Exhibit D)

38. That since December 1, 2012, ESSENDROP has suffered financial injury and damages, including lost wages, future lost wages, and other costs.

## IV.
## PRAYER FOR RELIEF

WHEREFORE Plaintiff RICHARD D. ESSENDROP prays for judgment against defendant UNITED STATES OF AMERICA for damages of $3,930,000.00, recovery of all costs and attorney's fees incurred by Plaintiff in this civil action, and such further and additional relief at law or in equity that this Court may deem appropriate or proper.

JURY TRIAL DEMANDED.

Respectfully submitted,


/s/ JAMES A. ROBIDEAU
ATTORNEY AT LAW
Lawyer for Plaintiff
1825 Sheffield Drive
Elgin, IL 60123
(815) 761-2421
Fax: (440) 964-2585
Illinois Attorney No. 6271411